1
2
3
4
5
6
7

CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

8
9
10
11

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

12
13
14
15
16
17
18
19

| | |
|---|---|
| **Nehemiah Kong**, <br><br> Plaintiff, <br><br> v. <br><br> **Topanga & Victory Partners L.P.**, a California Limited Partnership; **TOIBB II Corporation**, a California Corporation; and Does 1-10, <br><br> Defendants. | **Case No**. <br><br> **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

20
21
22
23

Plaintiff Nehemiah Kong complains of Defendants Topanga & Victory Partners L.P., a California Limited Partnership; TOIBB II Corporation, a California Corporation; and Does 1-10 ("Defendants") and alleges as follows:

24

**PARTIES:**

25
26
27
28

1.  Plaintiff is a California resident with physical disabilities. He is a paraplegic who suffers from Polio. He uses a wheelchair for mobility. He has a specially equipped van with a ramp that deploys out of the passenger side of his van.

1

Complaint

2.   Defendant Topanga & Victory Partners L.P. owned the real property located at or about 6363 Topanga Canyon Blvd., Woodland Hills, California, in June 2018.

3.   Defendant Topanga & Victory Partners L.P. owns the real property located at or about 6363 Topanga Canyon Blvd., Woodland Hills, California, currently.

4.   Defendant TOIBB II Corporation owned the real property located at or about 6363 Topanga Canyon Blvd., Woodland Hills, California, in June 2018.

5.   Defendant TOIBB II Corporation owns the real property located at or about 6363 Topanga Canyon Blvd., Woodland Hills California, currently.

6.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights

Complaint

Act, which act expressly incorporates the Americans with Disabilities Act.

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to the property in June 2018 to eat at Roy's Restaurant ("Restaurant").

11. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

12. Parking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Restaurant.

13. Unfortunately, the front parking lot serving the Restaurant does not have any van-accessible parking spaces.

14. Instead, the four parking spaces marked and reserved in the front parking lot were designed for standard vehicles on the day of plaintiff's visit.

15. Two parking stalls located near the Restaurant entrance shared an access aisle. The parking stalls measured 108 inches and 109 inches in width, respectively, while the access aisle measured 62 inches in width. These are not van accessible.

16.  The other two parking stalls, located near Fleming's, shared an access aisle as well. The parking stalls measured 111 inches while the access aisle measured 60 inches in width. These are not van accessible.

17. There are separate and distinct parking lots on the property. Each parking lot must be accessible. Here, there was no van-accessible parking in the front parking lot near the Restaurant entrance.

18. Separately, even though there is valet parking available in the front parking lot, there must still be a van-accessible parking space. Plaintiff has a

Complaint

right to park his own vehicle in the lot serving the Restaurant. Here, there is no van-accessible parking space. What is more, the valet workers, on the day of plaintiff's visit, parked cars in both the access aisle and parking stall reserved for persons with disabilities.

19. Finally, there was no passenger loading zone that complied with the ADA Accessibility Guidelines. Indeed, there was no discrete access aisle that accompanied a vehicle pull-up space. This is a violation of the law.

20. Meanwhile, even though there is a van parking space marked and reserved for persons with disabilities who drive vans in the back parking lot, it does not serve the Restaurant.

21. There is no signage that alerts someone that a shortcut through an office building leads to the front parking lot near the Restaurant.

22. Additionally, the office building entrances are locked for the evening at some point each night. These office doors get locked at some point during the evening when the Restaurant is still open for business.

23. Once those doors are locked, access to the back parking lot would require wheelchair users to travel behind parked cars or travel with vehicular traffic in order to make it to the back parking lot. This is not accessible for wheelchair users.

24. Defendants have failed to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities at the Subject Property.

25. Plaintiff personally encountered these barriers.

26. This inaccessible parking lot denied the plaintiff full and equal access and caused him difficulty, discomfort, and embarrassment.

27. Paths of travel are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Restaurant.

28. Even though the plaintiff did not personally confront the following

4

Complaint

barriers, the paths of travel leading to the entrance of the Restaurant have cross slopes that exceed the maximums allowed by law.

29. If a wheelchair user approaches the Restaurant entrance from the south of the entrance, using the hallway south of the entrance door, the cross slopes range from 4.2% to 6.6%. This is not accessible.

30. If a wheelchair user approaches the Restaurant entrance from the path of travel closest to Fleming's restaurant on the north side of the front parking lot, the path of travel has cross slopes as high as 8.7%. This is not accessible.

31. Plaintiff plans to return and patronize the Restaurant but will be deterred from visiting until the defendants remove the barriers.

32. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

33. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

34. For example, there are numerous paint/stripe companies that will come and stripe a van-accessible parking stall and access aisle in the front parking lot and install proper signage on rapid notice, with very modest expense, sometimes as low as $300 in full compliance with federal and state access standards.

35. Plaintiff is deterred from returning and patronizing the Restaurant because of his knowledge of the barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize the Restaurant as a customer once the barriers are removed.

Complaint

36. Given obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the Complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

37. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

38. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is

Complaint

readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

39. Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. One in every eight of those accessible parking spaces but not less than one must be a "van" accessible parking space, i.e., having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

40. Here, the lack of a van parking space in the front parking lot near the Restaurant entrance is a violation of the law.

41. Passenger loading zones shall provide an access aisle at least 60 inches in width and 20 feet long adjacent and parallel to the vehicle pull-up space. 1991 Standards § 4.6.6. 2010 Standards § 503.2.

42. Here, defendants to do not have an accessible pull-up space for persons with disabilities.

43. Under the ADA, there must be at least one accessible route connecting every building on the same site. 1991 Standards § 4.3.2(2); 2010 Standards § 206.2.2. Travel in the vehicular drive path with vehicles is not part of an accessible route.

Complaint

44. According to the California Building Code, it is not permissible to locate handicap-accessible parking stalls in locations where a person with disability is compelled to wheel or walk behind parked cars other than their own. CBC 1129B.3.3.

45. Here, the failure to provide an accessible route from the back parking lot to the front parking lot is a violation of the law.

46. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

47. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

48. Given its location and options, plaintiff will continue to desire to patronize the Restaurant but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

49. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code §51(b).

50. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).

8

Complaint

51. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

52. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: August 24, 2018          CENTER FOR DISABILITY ACCESS

By: _____

Chris Carson, Esq.
Attorney for plaintiff

9